UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 08-57422

ANTONIO ATTARD,                                     Chapter 13

            Debtor.                              Judge Thomas J. Tucker
_____/

ANTONIO ATTARD,

            Plaintiff,

v.                                                  Adv. Pro. No. 08-5064

WELLS FARGO BANK, N.A.,

            Defendant.
_____/

**OPINION DENYING DEFENDANT WELLS FARGO'S
MOTION FOR SANCTIONS AND DENYING
PLAINTIFF'S REQUEST FOR SANCTIONS**

This adversary proceeding came before the Court for a hearing on September 9, 2009 on the Defendant's motion entitled "Defendant Wells Fargo's Motion for Sanctions" (Docket # 48). Defendant's motion seeks sanctions against Plaintiff's counsel, Paul Nicoletti. The motion alleges that Mr. Nicoletti "willfully and in bad faith uttered a series of demonstrably false statements to the Court" during the first day of the trial in this adversary proceeding, on July 14, 2009, "in pursuing an unwarranted adjournment of trial in this matter."[1] The motion is based on the Court's inherent authority to issue sanctions, and its authority to issue sanctions under 11 U.S.C. § 105(a). The motion does not argue for sanctions or any form of relief based upon Fed.R.Bankr. P. 9011.

---

[1] Motion, Docket # 48, at p. 3.

The Court held a hearing on the motion on September 9, 2009. The Court also heard at that time the request made by Plaintiff's counsel Mr. Nicoletti to order Defendant and/or its counsel to pay Plaintiff and/or Plaintiff's counsel the reasonable attorney fees and expenses incurred in defending against the motion. At the end of the September 9 hearing, the Court took these matters under advisement.

The Court has considered all of the papers filed by the parties in support of and in opposition to Defendant's Motion for Sanctions, including the various exhibits attached to the parties' briefs.[2] These include, without limitation, the affidavit of M. Katherine Ben-Ami, filed by Defendant,[3] the affidavit of Barbara A. Carter filed by Plaintiff,[4] and the statements made in court by M. Katherine Ben-Ami on August 4, 2009. (These statements by Ms. Ben-Ami were not made under oath. The Court notes further that Ms. Ben-Ami is an attorney, who as of August 4, 2009 was employed as a Lead Attorney by the Wayne County Sheriff's Office.)

At the request of the parties, made during the September 9, 2009 hearing, the Court will not hold an evidentiary hearing, as it normally would in this circumstance, to help it resolve conflicts in the evidence submitted by the parties. Rather, as requested by the parties, the Court will decide Defendant's motion and Plaintiff's request for sanctions based on the written submissions referred to above, and the unsworn statements made by M. Katherine Ben-Ami in court on August 4, 2009. Based upon that record, the Court makes the findings of fact and conclusions of law that are contained in this opinion.

---

[2] Docket ## 48, 59, 62.

[3] Docket # 48.

[4] Docket # 59.

2

### A. Defendant's Motion for Sanctions

Under this Court's inherent authority and its authority under 11 U.S.C. § 105(a), the Court may sanction an attorney such as Plaintiff's attorney Paul Nicoletti if it finds that the attorney made false statements to the Court during a hearing or trial, especially if the Court finds that the attorney did so in a bad faith effort to obtain an unwarranted adjournment of the trial, as charged by Defendant. As the United States Court of Appeals for the Ninth Circuit recently explained,

> Bankruptcy courts generally have the power to sanction attorneys pursuant to (1) their civil contempt authority under 11 U.S.C. § 105(a); and (2) their inherent sanction authority.
> . . .
>
> A bankruptcy court's inherent power allows it to sanction "bad faith" or "willful misconduct," even in the absence of express statutory authority to do so. It also "allows a bankruptcy court to deter and provide compensation for a broad range of improper litigation tactics."
> . . .
>
> The inherent sanction authority differs from the statutory civil contempt authority in at least two ways. First, with the inherent power, a bankruptcy court may sanction a "broad range" of conduct, unlike the "[c]ivil contempt authority [, which only] allows a court to remedy a violation of a specific order (including 'automatic' orders, such as the automatic stay or discharge injunction)." Second, unlike the civil contempt authority, "[b]efore imposing sanctions under its inherent sanctioning authority, a court must make an explicit finding of bad faith or willful misconduct." "[B]ad faith or willful misconduct consists of something more egregious than mere negligence or recklessness."
>
> "Because of their very potency, inherent powers must be exercised with restraint and discretion."

*Price v. Lehtinen (In re Lehtinen),* 564 F.3d 1052, 1058-59 (9th Cir. 2009)(citations omitted); *see also In re John Richards Homes Bldg. Co., L.L.C.,* 404 B.R. 220, 226-27 (E.D. Mich. 2009) (bankruptcy courts have power to sanction "for improper conduct," for "litigation abuses," "when bad faith occurs," and in response "to all instances of conduct which abuses judicial process.")

As noted above, Defendant does not rely on Fed.R.Bankr.P. 9011, and during the September 9 hearing Defendant disclaimed any reliance on that rule. The Court further notes that Rule 9011 has no application to this motion for sanctions, because that rule applies only to an improper paper that is presented to the court. The rule does not apply to oral statements made in court. *See* Fed.R.Bankr.P. 9011(a) and (b).

Turning to the merits of Defendant's Motion for Sanctions, there is clearly a conflict in the evidence presented by the parties regarding whether Mr. Nicoletti made any false statements to the Court. Based on the record presented, the Court finds and concludes that Defendant has not met its burden of proving, by a preponderance of the evidence, that Mr. Nicoletti made false statements to this Court on July 14, 2009 or at any other relevant time, or that Mr. Nicoletti is guilty of "bad faith" conduct, or that he engaged in any "willful misconduct." Nor has Defendant met its burden of proving, by a preponderance of evidence, that Nicoletti engaged in any "improper conduct" or is guilty of any "litigation abuse," or that he has engaged in "conduct which abuses the judicial process." As a result, Defendant's motion for sanctions must be denied.

**B. Plaintiff's attorney Mr. Nicoletti's request for sanctions against Defendant Wells Fargo**

As noted above, Plaintiff's attorney Mr. Nicoletti not only opposed Defendant's Motion for Sanctions, but also requested that the Court sanction Defendant, by requiring Defendant to pay the amount of the reasonable attorney fees and expenses incurred in defending against Defendant's motion.

Mr. Nicoletti's first legal basis for such relief, Fed.R.Bankr.P. 9011(c)(1)(A),[5] is without merit, because Rule 9011 does not apply at all to Defendant's motion for sanctions. Nor was Defendant's motion for sanctions brought under that rule. But Mr. Nicoletti *can* properly rely on the Court's inherent authority to sanction and on 11 U.S.C. § 105(a), discussed earlier in this opinion. But sanctions against Defendant and/or its attorney cannot and should not be awarded unless the Court finds that Defendant and/or its attorney engaged in improper litigation tactics, bad faith or willful misconduct, or conduct which abused the judicial process. On the record presented, the Court cannot conclude that Defendant or its attorney did any of these things. Even if the Court were to find that the Ben-Ami affidavit contains false statements, there is no evidence that Defendant or its attorney knew that or had reason to know that. The Court therefore cannot find that Defendant's reliance on the Ben-Ami affidavit in bringing its Motion for Sanctions was improper. Accordingly, Mr. Nicoletti's request for sanctions must be denied.

---

[5] Rule 9011(c)(1)(A) states in part that "if warranted, the Court may award to the party prevailing on the [Rule 9011] motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion."

### C. Conclusion

For the reasons stated in this opinion, the Court will enter a separate order, denying Defendant's Motion for Sanctions (Docket # 48), and denying the request by Plaintiff's attorney Paul Nicoletti for sanctions against Defendant.

| | |
|---|---|
| **Signed on September 10, 2009** | **/s/ Thomas J. Tucker**  <br>**Thomas J. Tucker**  <br>**United States Bankruptcy Judge** |

**Not for publication**

6

08-05064-tjt    Doc 64    Filed 09/10/09    Entered 09/10/09 16:30:41    Page 6 of 6